## In re CRABTREE.

### Patent Appeal No. 3401.

Court of Customs and Patent Appeals.
Feb. 4, 1935.

E. Clarkson Seward, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

This appeal is from the decision of the Board of Appeals of the United States Patent Office, rejecting claims 23, 24, 25, and 26 of the appellant's application for a patent on claimed improvements in pile fabrics.

The application herein was originally filed August 10, 1926. It has had a rather tortuous course in the Patent Office, has been involved in an interference, and various actions have been taken thereon. by the tribunals of the Patent Office.

It seems unnecessary here to go into a discussion of these various steps, as, in our mind, the necessity for so doing has been obviated by the statement of the issues here made by counsel.

In rejecting the claims of appellant, the Examiner, in the first instance, invoked the rule of estoppel against the appellant. However, in a supplemental statement of May 12, 1933, he rejected the claims on the prior art, citing three references, as follows: Hill, 28,484, May 29, 1860; Goodall, 209,805, November 12, 1878; Bartlett, 1,271,005, July 2, 1918.

Claim 23 was also rejected on the ground that it was not supported by appellant's original disclosure.

While the Examiner states that this reason is supplemental, the Board of Appeals made this comment thereon:

"We note that the Examiner has submitted two statements, the first filed presenting a rejection of the claims on the ground of estoppel. The second statement as we read it seems to withdraw the first ground of rejection. For that reason we will not consider the ground of estoppel raised by the Examiner."

Following this, the Solicitor for the Patent Office, in his argument before this court, also makes this statement:

" * * * The Board of Appeals for that reason (R. 75) considered only the grounds of rejection given in the second statement, and those alone will be considered here. * * *"

No further attention, therefore, will be given by us to the question of estoppel, and the rejected claims will be examined in view of the prior art cited.

The rejected claims are fairly represented by claims 23 and 24, which are as follows:

"23. A textile pile fabric intended for frictional wear comprising, a ground of interwoven warp and weft threads, rows of substantially uniform and substantially uniformly spaced interwoven loose warp pile V's each looped about a single weft thread but not interlaced with the ground so as to be thereby firmly held therein, said weft threads being spaced no further apart than substantially the diameter of the pile threads and alternate weft threads being substantially in contact with the ends of intermediate pile V's, said fabric being devoid of extra or additional threads which would normally be necessary to secure the V's therein and to render the fabric suitable for frictional wear, whereby, due to the absence of said extra threads, the V's would be liable to assume a less erect and less uniform position and to pull or push out of the ground when subjected to frictional wear, said fabric embodying a thin application of cementitious binding material on the back of the ground which penetrates the interwoven threads but does not conceal the weave and unites the loops of the V's with the interwoven ground warp and weft threads to anchor the V's against pulling or pushing out of the ground or assuming a less erect or less uniform position, whereby the fabric is rendered suitable for frictional wear and its uniformity and appearance are improved without sacrificing its folding and rolling characteristics.

"24. A method of making in the piece textile pile fabric for frictional wear comprising, machine weaving threads consisting of ground warp, ground weft, and pile warp only to constitute a single layer, passing the pile warp around single weft threads to form substantially uniform and substantially uniformly spaced pile loops, causing the weft threads substantially to contact with the ends of the intervening pile loops, severing the loops to form cut V-pile, and cementing the loops to the weft threads around which they pass."

Claim 23 was rejected by the Examiner and by the Board of Appeals on the theory that said claim embraced this element, "said fabric being devoid of extra or additional threads which would normally be necessary to secure the V's therein and to render the fabric suitable for frictional wear," and that this statement of construction was not supported by appellant's original disclosure.

Appellant's application involved and described an alleged invention in and by which the appellant proposed to construct pile fabrics, in which he used the ordinary number of warp and weft threads, in which he proposed to use the V-type of pile threads, and in which, in order to secure these pile threads, he proposed to fasten them in place by the application of a cementitious layer applied to the back of the fabric. Much of the argument concerns the construction which the appellant disclosed. However, we think it is clearly shown by the specification and drawings that the appellant intended to make a pile fabric in which there were no extra warp and weft threads, and where the V-shaped pile threads were looped about only one weft thread. In other words, the fabric proposed by him was of the so-called "loose pile fabrics," and, while the appellant alludes to the fact in his specification that certain features of his improvement will be beneficial to a fast pile fabric, we think it is clear from the entire application and specification that the invention has to do with loose pile fabrics of the V-type in which no extra threads are used, and by means of which a fast pile fabric may be constructed at small cost and with greater celerity and ease.

In referring to the objects of his invention, the appellant stated in his specification that the difficulty with loose woven pile fabrics of the ordinary type was that the loops would pull out and the fabric would not resist wear, but that by use of his invention, the ordinary loose pile fabric might be

made a fast pile material which would stand wear, and from which the pile threads could not be pulled. Various other advantages are claimed for the product, as, for instance, that it is waterproof, and that it can be used in automobile manufacture without a stiffening support.

There is some discussion as to a feature found in claims 23, 25, and 26, namely, that the coating on the back of the fabric "does not conceal the weave." A careful examination of the specification of appellant, and his drawings, fails to disclose any such feature.

The Board of Appeals, in its decision here, refers to its discussion of the matter in the interference No. 58,407, heretofore referred to. The proceedings in this interference are not incorporated in the record here, and are not now before us; hence they cannot be considered. If they are important to the issue, they should have been submitted by the appellant and certified by the Patent Office, and incorporated into this record. However, this is deemed somewhat immaterial, in view of our conclusion as to the merits of the rejection by the Board of said claim 23. The Board seems to have been under the impression that the appellant was making claims for a fabric having less than the normal number of threads. On the contrary, he was not making this claim in his specification, nor in said claim 23, but was stating that he was not using the type of weave that was usually made when a fast pile fabric was to be made with a V-shaped pile thread; that is, by adding extra threads in the warp or weft to hold the loop in position. Therefore, in making his said claim 23, he deemed it important to indicate that he used no extra threads, but the usual number that were found in a loose pile fabric with a V-shaped pile thread.

We are of opinion that the rejection of claim 23 for the reason given by the Board of Appeals was improper. It was conceded by the Solicitor for the Patent Office on the hearing here, that if the subject-matter of said claim 23 were disclosed by appellant's application, the claim was patentable. In our view, it was so disclosed, and, therefore, the claim should not have been rejected for the reason stated.

Claims 24, 25, and 26 were rejected by the Board of Appeals in view of the prior art as shown by Hill, Goodall, and Bartlett. Hill disclosed an invention comprising a pile fabric in which the pile was composed of locks of wool, hair, or other material. These locks were applied while the web was being woven, by inserting the same at intervals, "so as to leave both ends upon the upper surface, and of about an equal length, while the middle portion of each lies under two or three of the upper threads of the warp, and parallel with the woof."

The appellant argues that these locks of hair, etc., do not extend under the warp of the web, but that the cloth evidently has several warp threads and that the locks extend under some of them only. This has some justification in the following language appearing in Hill's specification, where, in describing the use of glue or cement which he uses on the back of his fabric, he says: "The varnish being applied hot or thin insinuates itself between the fibers which compose the pile and they become glued or cemented to those threads of the warp which overlie the tufts on the back, where they are interwoven with the web."

The patent to Goodall, contrary to the appellant's views, is relied upon by the Board of Appeals. This patent shows an improvement in nap or plush goods. In this patent, Goodall does not introduce pile threads into his fabric, but uses a loosely twisted thread in his web, by means of which the nap is made by gigging with teasels. The back of this fabric is treated with paste or adhesive substance by which means the nap is held in its gigged-up condition.

The patent to Bartlett shows a floor covering wherein a textile fabric is partially embedded in and surfaced upon one side with a flexible waterproof material. The drawing with the application shows the web to be made with the ordinary number of warp and weft threads and the pile threads are of the V-type surrounding one weft thread. The patentee states: "While I have shown the fabric to be a cut pile texture, I in no sense wish to be limited to this form of fabric as I contemplate the use of fabric with loosely woven woof or weft strands as well as fabrics having a nap." The flexible covering on the back of the fabric is shown to enter the interstices of the fabric, partially embedding the pile, and with an undulated surface on the lower or back side of such covering so that the article will not slide easily on a smooth surface, and for other useful purposes. Claim 24 is unpatentable over the prior art cited.

Claims 25 and 26 have the additional feature hereinbefore mentioned, namely, that the cementitious layer "does not conceal the

weave." Even if this be disclosed by the appellant, these claims, we believe, are fully anticipated by the cited references. Hill shows a pile fabric in which the weave is not concealed after the application of his cementitious covering.

In all other respects, also, said claims 25 and 26 are thought to be properly rejected on the references cited.

We express no opinion as to the patentability of said claim 23, that question not having been passed upon by the Patent Office tribunals and not being in issue here.

The decision of the Board of Appeals is reversed as to said claim 23, and affirmed as to claims 24, 25, and 26.